## O'NEILL *v.* KINKEN.

*(Supreme Court, General Term, First Department. January 24, 1890.)*

1. LANDLORD AND TENANT—DANGEROUS PREMISES—INJURY TO TENANT'S CHILD.
    In an action against a landlord for personal injuries sustained by a child 4½ years old by falling down a stairway, plaintiff's evidence showed that while going down the stairway, just in front of her mother, the child took hold of a rung in the banister; that the rung came out, and she fell to the bottom of the stairs, receiving the injuries complained of; that the stairway had been a long time out of repair; that defendant had been notified thereof by other tenants, but had neglected to repair it; and that the child's parents did not know of the defective condition of the stairway. *Held,* that the evidence warranted a verdict for plaintiff, though defendant's testimony was to the effect that the stairway was in good condition, and that the accident could not have happened from the cause assigned.

2. SAME—CONTRIBUTORY NEGLIGENCE.
    Where the mother testifies that she did not know of the defective condition of the stairway, a finding by the jury that she was not guilty of contributory negligence in remaining on the premises, and in allowing the child to go down the stairway without holding her by the hand, will not be disturbed, though they might well have found that if the stairway was in the condition testified to by plaintiff's witnesses the mother must have known of the defect.

3. SAME—INSTRUCTIONS.
    Where the only evidence as to the nature of the injury shows that hip disease had been occasioned by the fall, and that the disease would be permanent, it is proper to charge that "it is a fair inference from the testimony that from the contusion resulted a very severe and probably incurable hip disease, from which the child may, and probably will, suffer to the day of its death."

Appeal from circuit court, New York county.

Action by Gertrude O'Neill, by Patrick O'Neill, her guardian *ad litem,* against Charles Kinken for personal injuries, received in falling down a stairway. Defendant was the owner of an apartment or tenement house, six stories high, occupied by different families. Plaintiff's parents were his tenants. Her evidence showed that the stairway had been out of repair for a long time, and that defendant had been notified thereof by the other tenants. Plaintiff further showed that hip disease had been occasioned by the fall, and that it was incurable. The court charged: "I think it is a fair inference from the testimony that from the contusion resulted a very severe and probably incurable hip disease, from which the child may, and probably will, suffer to the day of its death." There was a verdict of $3,500 in plaintiff's favor; and from a judgment thereon, and from an order denying defendant's motion for a new trial, he appeals. While the appeal was pending, the child died; and Patrick O'Neill, her guardian *ad litem,* was substituted as plaintiff.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Michael J. Kelly*, for appellant.    *Thos. Nolan*, (*Chauncey Shaffer*, of counsel,) for respondent.

VAN BRUNT, P. J.    After reading the evidence produced upon the trial of this case, we see no ground for disturbing the verdict of the jury.    The principal contention of the appellant upon this appeal is that the verdict is against the weight of the evidence.    The deceased was a child of about four and one-half years old, and is claimed to have been injured by falling down a stair which was in a defective condition.    The evidence produced upon the part of the plaintiff tended to prove that as the deceased was going down these stairs, just in front of her mother, she took hold of a rung of the banister, which came out; and she fell to the bottom of the stairs, and was injured.    There was further evidence that the stairs had been a long time out of repair, and that the defendant, the landlord of the premises, had been notified of it, but had neglected to repair the same.    There was no proof that the parents of the deceased knew of the defective condition of the stairs, although the jury would have been justified, from the evidence, in finding that if they were in such bad repair they must have known it.    The evidence upon the part of the defendant tended to show that the stairs were not out of repair; that they were in good condition; and that the accident could not have happened from the cause assigned.    This conflict of evidence raised an issue which the jury were called upon to solve, which they did against the defendant; and there does not seem to be any such preponderance of evidence in support of the the theory of the defense as would justify us in reversing this verdict.    The jury had the witnesses before them.    Their motives for testifying were brought out before them, and they were well able to judge of their credibility.

It is further urged that the complaint should have been dismissed at the end of the case because of the contributory negligence of the parents of the deceased; that, if the plaintiff's contention as to the wretched condition of the stairs is true, it was very clearly contributory negligence to allow the child to go up and down without holding her hand; and that the parents should not have remained upon the premises.    It is undoubtedly true, as has been already said, that the jury might from this evidence have found contributory negligence, but they have found that there was none; and, in view of the evidence of the mother of the child that she did not know of the defective condition of the rungs of these banisters, the court could not, as a matter of law, say that she knew, but was bound to leave the question to the jury.

The only exception to the charge which is brought to our attention is not well taken.    The only evidence upon the subject was to the effect that hip disease had been occasioned by the injury, and that it would be permanent; and this was certainly a fair, and the only, inference that could be drawn from the evidence.    The question was not whether hip disease was ever cured or not, but whether this case was curable; and the evidence, distinctly, was that it was not, and fully justified the charge of the court.    There is one other exception referred to, but it does not need particular mention.    The judgment and order appealed from should be affirmed, with costs.